**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| NORA E. WHIPPLE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-731-GPM |
| | ) |
| LINDA THOMPSON, | ) |
| | ) |
|        Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

*Pro se* Plaintiff Nora Whipple brings this case alleging wrongful termination from her position as a Food Service Worker with the Army & Air Force Exchange Service (AAFES) at Scott Air Force Base, Illinois. Plaintiff claims she was terminated by Defendant Linda Thompson on July 30, 2009, "without valid reasoning as specified by the At-Will Employment Doctrine" (Doc. 2, Ex. A, p. 2). Even when liberally construing Plaintiff's *pro se* Complaint, this Court cannot discern any valid claim upon which relief may be granted. *See Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) (*Pro se* litigants are entitled to have their complaints liberally construed). As such, for the reasons outlined below, Defendant's Motion to Dismiss (Doc. 11) is **GRANTED**.

Plaintiff originally filed her Complaint in Illinois State Court (St. Clair County) alleging that her supervisor, Defendant Linda Thompson, wrongfully terminated her employment (Doc. 2. Ex. A, p. 2). Defendant timely removed this action on September 16, 2009, asserting that she "has a colorable federal defense to plaintiff's action based on federal law" (*Id.* at p. 2). Plaintiff correctly notes that, in Illinois, "employees are presumed to be at-will" (*Id.*, Ex. A). Plaintiff, however, then

claims her employment was terminated in a way that violated certain AAFES regulations (*Id.*, Ex. A, p. 2).  Because Plaintiff's assumptions — that AAFES regulations control when at-will employment may be terminated and violations of those regulations create a claim to damages — are incorrect and unsupported by law, she fails to state a claim upon which relief may be granted.

Defendant argues that:  (1) AAFES employees such as Plaintiff only have limited levels of employment protection as provided by Congress; (2) Plaintiff must first exhaust her administrative remedies through processes mandated by Congress, and (3) Plaintiff has sued the wrong party because Defendant did not contract with plaintiff regarding her employment with AAFES.  The Defendant's arguments are sound and well-grounded in both statutory and case law.

In Illinois, where an employee is hired without a fixed term and, "absent a specific contract to the contrary, employment contracts are terminable at will." *Harris v. Eckersall*, 771 N.E.2d 1072, 1075 (Ill.App.Ct. 2002).  Further, "[b]ecause an at-will employee can be terminated at any time for any reason or no reason, an at-will employee has no property interest in continued employment." *Id.*  Plaintiff makes one rather vague reference to the "Implied Contract Exceptions [sic]" to the at-will employment doctrine (Doc. 2, Ex. A, ¶ 6).  For this exception to apply, Plaintiff would have to claim that traditional contract requirements had been met. *See Tatom v. Ameritech Corp.*, 305 F.3d 737, 742-43 (7th Cir. 2002) (citation omitted).  That is, Plaintiff must claim that she was aware of an employee handbook or other policy statement, containing a clear promise that an employee would reasonably believe to be an offer of employment, and that she accepted the offer by "commencing or continuing work after learning of it." *Id.* at 742.  Plaintiff, however, makes no claim regarding anything containing an employment offer that she believed created a specific employment contract.  As such, no exception to the Illinois at-will employment doctrine is applicable, and Plaintiff legally could be terminated "at any time for any reason or no reason." *Harris*, 771 N.E.2d at 1075.

Plaintiff cites numerous AAFES operating regulations to suggest that Defendant violated certain procedures in the way she terminated Plaintiff (*see, e.g.*, Doc. 2, Ex. A. P. 2).  In *United States v. Testan*, the Supreme Court explicitly rejected the argument that "the violation of any statute or regulation relating to federal employment automatically creates a cause of action against the United States for money damages."  424 U.S. 392, 401 (1976). The alleged violations of the regulations cited by Plaintiff, therefore, do not create a discernible claim for relief in this Court.

Defendant correctly asserts that AAFES employees such as Plaintiff only have limited levels of employment protection as provided by Congress.  The AAFES is a non-appropriated fund instrumentality (NAFI); that is, a quasi-governmental entity that "does not receive its monies by congressional appropriation."  *U.S. v. Hopkins*, 427 U.S. 123, 125 n.2 (1976); *see also* 10 U.S.C. 4779(c), 9779(c).  As such, it "partakes of whatever immunities it may have under the constitution and federal statutes." *Army and Air Force Exchange Service v. Sheehan*, 456 U.S. 728, 733-34 (1982) (quotation and citation omitted).  In other words, "federal courts may entertain actions against the [AAFES] only if Congress has consented to suit; a waiver of the traditional sovereign immunity cannot be implied but must be unequivocally expressed." *Id.* at 634 (internal quotation omitted).  Here, there has been no such waiver of traditional sovereign immunity.

Indeed, by passing the Civil Service Reform Act (CSRA) of 1978, Congress has provided only limited statutory remedies for claims such as Plaintiff's.  A sister Circuit Court of Appeals found that:

> The scope of remedies open to federal employees for adverse employment actions was streamlined and simplified, first by the enactment of the CSRA in 1978 and second, by the Supreme Court's decision in *United States v. Fausto*, 484 U.S. 439, 108 S. Ct. 668, 98 L.Ed.2d 830 (1988).… It was never the intent of Congress that NAFI employees be entitled to the same levels of employment protection as are other federal employees.

*McAuliffe v. Rice*, 966 F.2d 979, 979-80 (5th Cir. 1992) (holding that the "exclusivity of the procedures set out in the CSRA" precluded the plaintiff's resort to APA relief).[1] Further, the Supreme Court has held that the CSRA created a unified, comprehensive regulatory scheme that, generally, should not be augmented by the creation of new judicial remedies. *See Bush v. Lucas*, 462 U.S. 367, 388-90 (1983); *see also, Dynes v. Army AF Exch Serv.*, 720 F.2d 1495, 1498-99 (11th Cir. 1983). In light of this, and based on the facts alleged, it is highly unlikely that Defendant, Plaintiff's supervisor, is a correctly named party.[2]

Nevertheless, AAFES employees such as Plaintiff still have limited rights under both the Federal Labor Relations Act (FLRA), 5 U.S.C. § 7103(a)(3), and under Equal Employment Opportunity (EEO) Law, 42 U.S.C.A. § 2000e-16(a). AAFES associates asserting an EEO claim, however, must follow the procedures set forth in 29 CFR § 1614.101, *et seq. See Lapka v. Chertoff*, 517 F.3d 974, 981 (7th Cir. 2008). In other words, AAFES employees like Plaintiff must first exhaust their administrative remedies through the processes mandated by Congress.

Here, Plaintiff cannot invoke the FLRA because she does not allege she was discharged in violation of any provisions of a collective bargaining agreement. Similarly, Plaintiff cannot invoke EEO law because she does not allege that she was terminated based on any illegitimate factor such as her gender, age or any other protected status. Moreover, Plaintiff does not allege that she

---

[1] While the Seventh Circuit Court of Appeals has not had opportunity to clarify the breadth of *Fausto*, the Eleventh Circuit Court of Appeals, like the Fifth Circuit in *McAuliffe*, found the distinction between NAFI employees, such as Plaintiff here, and ordinary federal civil servants to be inconsequential. *Dynes v. Army AF Exch Serv*, 720 F.2d 1495, 1498 (11th Cir. 1983).

[2] Plaintiff has not alleged any cognizable constitutional violation that could be asserted against Defendant as a *Bivens* claim. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). However, even if she could assert such a claim against Defendant, the unique relationship between the Federal Government and its employees is "a special factor counseling against the judicial recognition of a damages remedy under the Constitution in this context." *Bush v. Lucas*, 462 U.S. 367, 372 and 377 (1983); *see also, Id.* at 390 (Marshall, J., concurring).

attempted to file a grievance, contacted an EEO counselor, or even took the first step toward exhausting her administrative remedies. As such, Plaintiff has not demonstrated that she exhausted any administrative remedies or pursued any legitimate avenue toward the relief she seeks.

In sum, the CSRA, created a "comprehensive scheme that was specifically designed to provide full compensation to civil service employees who are discharged ... in violation of their [constitutional] rights." *Bush*, 462 U.S. 367 at 390 (Marshall, J., concurring). Further, the CSRA provides the *exclusive* remedial scheme for claims arising from federal personnel actions." *McAuliffe*, 966 F.2d 979 at 979 (emphasis added). Plaintiff's only potential remedies, therefore, are those specifically authorized by Congress via statute and those outlined in the applicable regulations. Plaintiff, however, makes no allegation that she sought any such remedy. As a result, Plaintiff has failed to state any claim upon which relief may be granted.

In light of the foregoing, Defendants' motion (Doc. 11) is **GRANTED**, and Plaintiff's pending motions (Docs. 7, 15, and 16) are **DENIED as moot**. This action is **DISMISSED on the merits.** The Clerk of Court is **DIRECTED** to enter judgment accordingly. The parties shall bear their own costs.

**IT IS SO ORDERED.**

DATED: 04/02/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
